UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREMA POPE MENDEZ,

    Petitioner,

v.                                                Case No: 8:20-cv-945-JDW-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondent's Motion to Dismiss Petitioner's Petition for Writ of Mandamus and Declaratory Judgment ("Motion") (Dkt. 11) and Petitioner's response in opposition (Dkt. 12). Upon consideration and for the reasons stated below, it is recommended that the Motion be granted.

## BACKGROUND

### A.    Procedural Background

On January 11, 1984, Petitioner, then a child, applied for Supplemental Security Income ("SSI") benefits. (Dkt. 1 at 1.) The claim was initially denied. (*Id.*) In 1990, the United States Supreme Court decided *Sullivan v. Zebley*, 493 U.S. 521 (1990), which required that the Social Security Administration re-adjudicate claims for all individuals, such as Petitioner, who filed for SSI Childhood Disability Benefits and whose claims were denied based on medical grounds from January 1, 1980, through

February 11, 1991.  Petitioner reapplied for SSI benefits as a *Zebley* class member and her application was initially denied on October 24, 1994, based on her failure to pursue the claim.  (Dkt. 12 at 1.)

In January 2003, Petitioner applied for SSI and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability as of April 1, 2002.  (Dkt. 1 at 2–3.)  Petitioner was found to be disabled as of April 1, 2002—the alleged onset date.  (Dkt. 1 at 3.)

Petitioner later sought reconsideration of her application for SSI that she had filed in January 1984.  (Dkt. 1 at 2.)  In a 2014 decision, an Administrative Law Judge reopened the January 11, 1984 application and found that Petitioner had been disabled since January 11, 1984, the application date.  (Dkt. 11-2.)

In 2015, the Social Security Administration re-reviewed Petitioner's DIB applications to determine whether she had an earlier onset date than found in prior decisions.  (Dkt. 11-1 ¶ 10.)  In a decision dated August 17, 2015, an Administrative Law Judge determined that, based on principles of collateral estoppel, January 1, 2002, was the earliest possible date of DIB entitlement.  (Dkt. 11-3.)

Petitioner thereafter retained new counsel in 2019 to determine whether she had received all disability payments to which she was entitled.  In June 2019, Petitioner's counsel wrote to the Social Security Administration seeking a determination that Petitioner was owed additional past due DIB, arguing that 1) Petitioner became eligible for SSI benefits on October 1, 2000; 2) October 1, 2000 should have been considered the protective date for a claim for DIB; and 3) July 1, 2001, is the date

Petitioner became eligible for DIB.  (Dkt. 12-1.)  The agency initially did not respond to counsel's correspondence but ultimately issued a letter dated August 2, 2019, stating that no additional retroactive benefits were owed.  (Dkt. 12-1 at 22.)  On April 24, 2020, Petitioner filed her Petition for Writ of Mandamus and Declaratory Judgment with this Court, seeking an order directing the Social Security Administration to issue a new final decision declaring that October 1, 2000, should be deemed Petitioner's DIB application date, and that July 1, 2001, is the date Petitioner became eligible for DIB.  (Dkt. 1.)

## APPLICABLE STANDARDS

Federal courts are courts of limited jurisdiction.  *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  Under Rule 12(b)(1), a defendant may either facially or factually contest subject matter jurisdiction.  *Principal Life Ins. Co. v. Alvarez*, No. 11–21956–CIV, 2011 WL 4102327, at *2 (S.D. Fla. Sept. 14, 2011).  "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint," and "the plaintiff s allegations are taken as true for the purposes of the motion[.]"  *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Id.*  In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. *Bedasee v. Fremont Investment & Loan*,

2010 WL 98996 *1 (M.D. Fla. Jan. 6, 2010) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. "Mandamus relief is available only when (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). Mandamus relief is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Id.* at 1257.

## ANALYSIS

The Commissioner argues that the Petition should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. (Dkt. 11.) According to the Commissioner, this Court lacks jurisdiction over Petitioner's claim because she failed to show that she exhausted her administrative remedies before filing her Petition for Writ of Mandamus. (Dkt. 11 at 8–9.) In response, Petitioner argues that the Commissioner waived the exhaustion requirement by refusing to issue a final agency decision in response to Petitioner's correspondence challenging her DIB eligibility date. (Dkt. 12 at 2.)

"[T]he United States 'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349,

1352–53 (11th Cir. 2007) (quoting *Lehman v. Nakshian*, 453 U.S. 156 (1981)). Federal subject matter jurisdiction to review final decisions of the Commissioner of Social Security is provided by 42 U.S.C. §§ 405(g) and (h). The remedies provided by § 405 "are the exclusive source of federal court jurisdiction over cases involving SSI." *Jackson*, 506 F.3d at 1353. Section 405 provides, in pertinent part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405. Thus, under the Act, "judicial review exists only over the 'final decision of the Commissioner of Social Security.'" *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003) (per curiam) (quoting 42 U.S.C. § 405(g)); *accord* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner . . . shall be subject to judicial review as provided in section 405(g)[.]").

The term "final decision" is not defined in the statutes, but the regulations require that a Social Security claimant must complete each step in the administrative

review process.  *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1263–64 (11th Cir. 2007) (citations omitted).  The administrative review process includes: (1) the initial determination; (2) a request for reconsideration (informal appeal); (3) a hearing before an ALJ; and (4) Appeals Council review.  *See* 20 C.F.R. § 405.1(b).  "'Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'"  *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (quoting *Weinberger v. Salfi*, 422 U.S. 749 (1975)).  To exhaust administrative remedies and have a "final decision" of the Commissioner for the purpose of judicial review, "a claimant must appeal to the Appeals Council, which then may deny or grant review."  *Ingram*, 496 F.3d at 1264 (citations omitted).

Petitioner failed to exhaust her administrative remedies.  Petitioner argues that October 1, 2000, is her correct onset date for purposes of DIB entitlement.  (Dkt. 1 at 2–3.)  In making this argument, Petitioner challenges an ALJ's decision, dated August 17, 2015, that January 1, 2002, was the earliest possible date of DIB entitlement.  (Dkt. 11-3.)  But Petitioner has made no showing that she exhausted her administrative remedies by appealing the ALJ's August 2015 decision to the Appeals Council.  When Petitioner, through counsel, wrote the Social Security Administration in 2019 noting that she believed "the [2015] decision of the Administrative Law Judge contained clear and unmistakable error," the agency confirmed that "[a]ll monies have been released

to [Petitioner]," and that "[t]here is not an underpayment or overpayment." (Dkt. 12-1.)

As noted above, under 42 U.S.C. 405(g), judicial review is only available after a "final decision of the Commissioner of Social Security made after a hearing." There is no evidence before the Court that Petitioner appealed the ALJ's August 2015 decision that she now challenges. Petitioner did not exhaust her administrative remedies and has not obtained a final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481. Neither the ALJ's August 2015 decision nor the Social Security Administration's subsequent letter to Petitioner in 2019 represents a "final decision" for purposes of judicial review. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases."). Absent any final decision obtained following Petitioner's exhaustion of her administrative remedies, this Court does not possess subject matter jurisdiction to review the Commissioner's decision regarding Petitioner's DIB entitlement date.

Nor has Petitioner raised a constitutional claim or otherwise established that the exhaustion requirement may be waived. *See Mantz v. Social Sec. Admin.*, 486 Fed. Appx. 845, 846 (11th Cir. 2012) ("Because Mantz failed to exhaust her remedies and she does not raise a constitutional claim, the district court properly concluded that it lacked jurisdiction to hear her appeal."). Petitioner argues that the Commissioner waived the exhaustion requirement by refusing to make a final decision in response to

Petitioner's 2019 correspondence. (Dkt. 12 at 2.) But Petitioner's correspondence is directed to an ALJ's decision in August 2015, and Petitioner has not shown that she appealed that decision to the Appeals Council. When Petitioner wrote to the SSA in 2019, her opportunity to exhaust her administrative remedies and obtain a final decision had expired due to the failure to appeal the ALJ's August 2015 decision to the Appeals Council. As stated in the decision, Petitioner had 60 days to file an appeal. (Dkt. 11-3 at 1.) The Commissioner did not later waive the exhaustion requirement by declining to issue a new decision in response to Petitioner's correspondence in 2019.

Alternatively, the Court finds that it lacks jurisdiction to issue a writ of mandamus here as the elements required for the issuance of a writ of mandamus have not been met. As noted above, Petitioner asserts that the Commissioner refused to reconsider or correct an ALJ's August 2015 decision regarding Petitioner's DIB eligibility date. Yet Petitioner has not shown that the Commissioner had a duty to issue a new decision or grant an untimely reconsideration of the ALJ's August 2015 decision. The Commissioner's duty to act consisted of a duty to provide review by the Appeals Council upon a timely request by Petitioner. *See* 20 C.F.R. § 405.1(b) (summarizing the administrative review process). Petitioner's opportunity to seek such review expired in 2015, when the ALJ's decision became final and binding. *See* 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481. Thus, Petitioner has not established her entitlement to a writ of mandamus.

The Court therefore concludes that Petitioner has failed to carry her burden of proving that this matter is within this Court's subject matter jurisdiction. *See Taylor v.*

*Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994) (holding that plaintiff bears burden of establishing subject matter jurisdiction).

## CONCLUSION

Accordingly, after due consideration and for all these reasons, it is

**RECOMMENDED**:

1. The Commissioner's Motion to Dismiss (Dkt. 11) be **GRANTED**;

2. The Petition for Writ of Mandamus and Declaratory Judgment (Dkt. 1) be **DISMISSED without prejudice** so that Petitioner may pursue any available administrative remedies and then return to federal court if appropriate. *See Crayton*, 120 F.3d at 1222 (dismissing plaintiffs' claims "without prejudice, so that they may pursue administrative remedies and then return to federal court if appropriate"); and

3. The Clerk of Court be directed to enter final judgment for the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on May 7, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James D. Whittemore
Counsel of Record