# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DREAMA POPE MENDEZ,**

    **Petitioner,**

**vs.**                                                                      **Case No. 8:20-cv-945-T-27JSS**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate

Judge recommending that Respondent Commissioner of Social Security's ("the Commissioner")

Motion to Dismiss Petitioner Mendez' Petition for Writ of Mandamus and Declaratory Judgment

(Dkt. 11) be granted. (Dkt. 14). Mendez filed objections to the Report and Recommendation. (Dkt.

15). After careful consideration of the Report and Recommendation, Mendez' objections, in

conjunction with an independent examination of the file, the Report and Recommendation is due

to be adopted, confirmed, and approved in all respects.

## BACKGROUND

The Report and Recommendation outlines the relevant factual background, which Mendez

acknowledges is "undisputed." (Dkt. 14 at 1-3); (Dkt. 15 at 1). In short, Mendez applied in 1984

for Supplemental Security Income (SSI) benefits. (Dkt. 1 at 1). The application was denied, and

she reapplied in 1994 pursuant to *Sullivan v. Zebley*, 493 U.S. 521 (1990). (Id. at 1-2). The

application was denied due to her failure to pursue the claim. (Dkt. 12 at 1).

In 2003, Mendez applied for SSI and disability insurance benefits and was found to be

disabled as of April 1, 2002. (Dkt. 1 at 2-3). She also sought reconsideration of her original

application for SSI benefits. (Id. at 2). In 2014, on a request for hearing, an administrative law

judge found that she had been disabled since the date of her application in 1984. (Dkt. 11-2).

However, in 2015, an administrative law judge determined that, based on collateral estoppel,

January 1, 2002 was the earliest date of entitlement to disability insurance benefits. (Dkt. 11-3). In

2019, Mendez' counsel sent a letter to the Social Security Administration, contending that Mendez

was owed additional disability insurance benefits because

> an application for SSI benefits is a protective filing date for an application for
> any other type of benefit. Since [Mendez] was first insured on October 1, 2000,
> and was eligible for SSI benefits on October 1, 2000, October 1, 2000, should
> have been considered the protective filing date for a claim for Disability
> Insurance Benefits. Therefore, July 2001, should be the first date [she] was
> eligible for benefits.
>
> It would be appreciated if you would review the file, and the above, and make
> a determination as to whether [Mendez] is eligible for additional past due
> Disability Insurance Benefits.

(Dkt. 12-1 at 1-2). The Social Security Administration responded in a letter that "[a]ll monies have

been released to you. There is not an underpayment or overpayment." (Id. at 22).

In her Petition for Writ of Mandamus and Declaratory Judgment, Mendez seeks a

determination that October 1, 2000 should be deemed the date of her application for disability

insurance benefits and that she became eligible five months later. (Dkt. 1 at 1, 4). The

Commissioner moved to dismiss the petition under Rules 12(b)(1), (b)(6), and (h)(3), Fed. R. Civ.

P., for lack of subject matter jurisdiction due to Mendez' failure to exhaust her administrative

remedies. (Dkt. 11). The Magistrate Judge filed a Report and Recommendation recommending

that the motion be granted and the action dismissed without prejudice "so that [Mendez] may

pursue any available administrative remedies and then return to federal court if appropriate." (Dkt.

14 at 9). Mendez filed objections, contending that she "is merely asking [the Commissioner] to

correct a facially inaccurate recitation of the presumed date of the application," that she is "entitled to a decision on her request," and that "mandamus is appropriate where, as here, a governmental agency has a duty to act and refuses to act, precluding [her] from exhausting administrative remedies." (Dkt. 15 at 2-3).

## STANDARD OF REVIEW

A district court may accept, reject, or modify a report and recommendation. 28 U.S.C. § 636(b)(1). Those portions to which objections are made are reviewed *de novo*. *Id.*; Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). In the absence of a specific objection to factual findings, there is no requirement that the district court review the findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The report and recommendation is reviewed for clear error in the absence of objections. *Macort v. Prem, Inc.*, 208 F. App'x. 781, 784 (11th Cir. 2006). Legal conclusions are reviewed *de novo*. *See LeCroy v. McNeil*, 397 F. App'x. 554, 556 (11th Cir. 2010) (citation omitted).

## DISCUSSION

The Magistrate Judge correctly determined that this action should be dismissed for lack of subject matter jurisdiction.

Mendez' claim relating to her date of entitlement to disability insurance benefits arises under the Social Security Act. *See* (Dkt. 1). Accordingly, under 42 U.S.C. § 405(g), judicial review is only available after a "final decision of the Commissioner of Social Security made after a hearing."[1] Absent an indication that Mendez appealed the administrative law judge's 2015

---

[1] As § 405(g) provides,

decision, she cannot show that she exhausted her administrative remedies or obtained a final

decision of the Commissioner for purposes of judicial review.[2] *See Sims v. Apfel*, 530 U.S. 103,

107 (2000) ("If a claimant fails to request review from the [Appeals] Council, there is no final

decision and, as a result, no judicial review in most cases."); *see also* 20 C.F.R. §§ 404.905,

404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481. Indeed, a final decision

requires a determination by the Appeals Council or notice that the Appeals Council is denying a

request for review. *See* 20 C.F.R. §§ 404.981, 416.1481. The administrative law judge's decision

and the Commissioner's response to Mendez' letter do not constitute a "final decision," and she

has not shown that there was a *de facto* reopening of a final decision. *See, e.g.*, *Cash v. Barnhart*,

327 F.3d 1252, 1256-58 (11th Cir. 2003). In sum, absent a final decision, this Court lacks

jurisdiction to review the Commissioner's determination regarding her date of entitlement to

disability insurance benefits.

Further, Mendez does not raise a constitutional claim or establish that the exhaustion

requirement may be waived. *See Mantz v. Soc. Sec. Admin.*, 486 F. App'x 845, 846 (11th Cir.

---

> Any individual, after any final decision of the Commissioner of Social Security made after
> a hearing to which he was a party, irrespective of the amount in controversy, may obtain a
> review of such decision by a civil action commenced within sixty days after the mailing to
> him of notice of such decision or within such further time as the Commissioner of Social
> Security may allow.

And 42 U.S.C. § 405(h) provides that

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed .
> . . except as herein provided. No action against . . . the Commissioner of Social Security .
> . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising
> under this subchapter.

*See also Heckler v. Ringer*, 466 U.S. 602, 614-17, 627 (1984).

[2]  Although it is unnecessary to rely on the documents provided by the Commissioner to resolve the motion
to dismiss, Mendez has failed to establish that this Court has subject matter jurisdiction over this action on either a
facial or factual attack. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990); *see also* (Dkt. 11 at 9 n.4).
And as noted, the relevant facts are undisputed.

2012) ("Because [the plaintiff] failed to exhaust her remedies and she does not raise a constitutional claim, the district court properly concluded that it lacked jurisdiction to hear her appeal."). Rather, she contends that the "requirement of exhaustion of administrative remedies should be deemed waived" because the Commissioner "refuses to make a decision as to whether [she] is eligible for Disability Insurance Benefits based on a deemed application date of October 1, 2000." (Dkt. 1 at 3-4); *see also* (Dkt. 15 at 3). However, this contention is without merit.

As the Magistrate Judge correctly determined, Mendez' correspondence in 2019 related to the administrative law judge's determination in 2015, and she has not alleged or shown that she filed an appeal of that determination. (Dkt. 14 at 6-7). As reflected in the Notice of Decision, she had 60 days to file an appeal. (Dkt. 11-3 at 1). Accordingly, rather than "refuse" to make a decision, the Commissioner had made a determination as to Mendez' claim, and her opportunity to appeal and obtain a final decision expired. (Dkt. 1 at 3). She provides no authority in support of her contention that her correspondence entitles her to a "decision on her request to re-open to correct a clerical error or an error on the face of the decision." (Dkt. 15 at 3-4); *cf. Cash*, 327 F.3d at 1256 (noting that "a decision refusing to reopen an earlier application ordinarily is considered an interim decision not reviewable under § 405(g)"). Moreover, although Mendez seeks a writ of mandamus under 28 U.S.C. §§ 1331 and 1361, § 405(g) is the only avenue of relief. *See* 42 U.S.C. § 405(h); (Dkt. 1 at 1); *see also Heckler*, 466 U.S. at 614-17, 627.

Even assuming this Court could issue a writ of mandamus on a matter arising under the Social Security Act, the petition is due to be dismissed. "The test for jurisdiction [under 28 U.S.C. § 1361] is whether mandamus would be an appropriate means of relief." *Cash*, 327 F.3d at 1258 (quotation omitted). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy

is available." *Id.* (internal quotation marks, citation, and brackets omitted). A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . ." *Heckler*, 466 U.S. at 616 (citations omitted).

As the Magistrate Judge correctly determined, Mendez has not established that the Commissioner had a "clear duty to act." (Dkt. 14 at 8). Indeed, although the Commissioner was required to provide review by the Appeals Council upon a timely request by Mendez, Mendez did not submit a timely request for review, and she has not shown that the Commissioner had a duty to issue a new decision, afford a hearing, or grant an untimely reconsideration of the administrative law judge's 2015 decision. *See* 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481; *see also Cash*, 327 F.3d at 1257-58 (finding no mandamus jurisdiction where administrative law judge had no duty to provide a hearing). Nor has she shown that she has a clear right to the relief requested or that no other adequate remedy is available. *See Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1297 (11th Cir. 2004) (noting that "mandamus jurisdiction does not lie merely because resort to the administrative process appears futile"). In summary, because mandamus would not be an appropriate means of relief, this Court lacks jurisdiction under 28 U.S.C. § 1361.

Absent subject matter jurisdiction, this action is due to be dismissed. Accordingly, it is

**ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 14) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Respondent Commissioner of Social Security's Motion to Dismiss (Dkt. 11) is **GRANTED**, and Mendez' Petition for Writ of Mandamus and Declaratory Judgment (Dkt. 1) is **DISMISSED without prejudice**.

3) All pending motions are **DENIED** as moot.

4) The Clerk is directed to enter final judgment for Respondent and close this case.

**DONE AND ORDERED** on this 28th day of May, 2021.


*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**


Copies to: Counsel of Record